No. 20,924.

WINFIELD S. BOWMAN, *Appellant*, v. H. M. CLYDE, *Appellee*.

SYLLABUS BY THE COURT.

NOTE—*Secured by Mortgage—Land Sold—Credit to be Allowed Debtor—Presumptions*. Where one holding property as security for a debt sells it under such circumstances that the debtor is entitled to credit for its actual value, there is no presumption that it was worth the full amount owed, and a finding to that effect can be sustained only where there is substantial evidence in its support.

OPINION DENYING A REHEARING.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion denying a rehearing

filed July 7, 1917.    (For original opinion of reversal see *ante*,
p. 165.)

C. A. Bowman, of Kansas City, for the appellant.
David F. Carson, and James T. Cochran, both of Kansas
City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiff having acquired a note for $550
secured by a mortgage on land, also the land itself, sold the
land for $200, and brought an action against the mortgagor for
the balance of $350.    The trial court properly held that the
defendant was entitled to an additional credit on the note for
whatever amount the land was worth over $200.    The jury
found in effect that it was worth enough to wipe out the entire
debt.    On appeal a reversal was ordered on the ground that
there was no substantial evidence in support of this finding.
(*Bowman v. Clyde,* ante, p. 165.)

In a petition for a rehearing the defendant calls attention
to the fact that the trial court gave an instruction, which this
court did not criticise, that the burden of proof as to the
value of the land was upon the plaintiff.    The defendant
argues that as, according to this instruction, the burden of
proving the value rested on the plaintiff and the jury did not
believe his witnesses, they were authorized to find as they did
regardless of any other evidence.    There is a sense in which
the plaintiff may be said to have the burden of proof with
reference to the value of the land.    In order to entitle the
plaintiff to treat the sale as a virtual foreclosure, establishing
$200 as the amount of credit to be given to the defendant on
account of the land, it was perhaps necessary for him to show
that the property brought all it was worth, as a mortgagee
of chattels may be required to prove the fairness and regu-
larity of a sale conducted by him if it is to be held valid.
(*Wygal v. Bigelow,* 42 Kan. 477, 22 Pac. 612.)    Because of the
failure of that proof the defendant was entitled to some
further credit, but as there is no presumption that the land
was worth any particular amount it was necessary that he
should produce evidence of the extent of his damages (13 Cyc.
192), and so far as the instruction referred to is to be con-

strued as indicating the contrary it must be regarded as inaccurate.

This court is still of the opinion that there is not to be found in the testimony of the plaintiff or other witnesses any substantial evidence that the land was worth as much as $1050. The petition for a rehearing is therefore denied.